

# THE ATTORNEY GENERAL

# OF TEXAS

**CRAWFORD C. MARTIN**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

June 14, 1971

Honorable David R. White
County Attorney
120 East North Street
Uvalde, Texas   78801

Opinion No.  M-885

Re:  Article 666-17(14)(e),
     Vernon's Penal Code.

Dear Mr. White:

Your opinion request poses the following question (re-phrased):

Under Article 666-17(14)(e), Vernon's Penal Code, must the court hearing a case involving a violation of the Texas Liquor Control Act by a minor whose parents reside outside the jurisdictional limits of the court give written notice of the offense charged to the minor's parents before the case can be tried?

Section (14)(e) reads as follows:

"No person under twenty-one (21) years of age may plead guilty to any offense described in Subdivision (a) of this Subsection except in open court before the judge.  No such minor shall be convicted of such an offense or fined as provided in Subdivision (a) except in the presence of his parent or guardian having legal custody of the minor.  The court shall cause the parent or guardian residing within its jurisdictional limits to be summoned to appear in court and shall require the parent or guardian to be present during all proceedings in the case.  However, the court may waive the requirement of the presence of the parent or guardian in any case in which, after diligent effort, the court is unable to locate them or compel their presence.  The court shall given written notice of such offense to the parent or guardian having legal custody of such minor who resides outside the jurisdictional limits of the court."

The caption to the legislative act containing the fore-going provision reads in part as follows:

> "An act amending, revising, and repealing in part, Articles I and II of the Texas Liquor Control Act (Articles 666-1 to 666-33, Vernon's Texas Penal Code), to improve its administration and enforcement; . . . increasing the fine for possession and consumption of liquor by a minor . . . and providing requirements for hearings. . . ."  Acts 61st Leg., R.S. 1969, ch. 38, p. _____.

The language of the caption indicates that the legislature intended the provisions of Section (14)(e) as procedural due process requirements for prosecutions of minors for liquor law violations.  The language does not make discretionary the giving of notice to the parents or guardians of the minor and plainly contemplates that notice is to be given prior to trial.  The obvious purpose of notice is to allow the minor's parents or guardians an opportunity to provide for the defense of the minor.  Minors are entitled to such constitutional due process rights to counsel, to notice and hearing, etc.  Application of Gault, 387 U.S. 1 (1967).  In that case, the court held that the child and his parent must be notified of the child's right to be represented by counsel retained by them.

Our opinion therefore, is that written notice must be given prior to trial to a minor's parents or guardians residing outside the court's jurisdiction.  By necessary inference from Section (14)(e) as a whole, the court may proceed without giving notice, but only when the court has made a reasonable and diligent effort to provide notice and has not been able to locate the parents or guardians.

### S U M M A R Y

Article 666-17(14)(e), Vernon's Penal Code requires that notice of pending charges against a minor accused of violating the Texas Liquor Control Act must be given prior to trial to the minor's parents or guardians when they reside beyond the jurisdiction of the court.

> By necessary inference from Section (14)(e), the court is authorized to proceed without giving notice but only when the court, after reasonable and diligent effort, is unable to locate the parents or guardians.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roland Daniel Green, III
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Ben Harrison
Sam Jones
Vince Taylor
William J. Craig

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant